

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ALAN CONTRERAS, | § § § |
| Plaintiff, | § § |
| v. | § § § |
| GERBER LIFE INSURANCE COMPANY a New York Corporation | § § § § |
| Defendants. | § § § |

EP22CV0173

## COMPLAINT:

### Preliminary Statement

1. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone... For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Pol. Consultants LLC*, 140 S. Ct. 2335, 2343 (2020).

2. Plaintiff ALAN CONTRERAS ("Plaintiff") brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, alleging that GERBER LIFE INSURANCE COMPANY ("Gerber") commissioned a series of unauthorized telephone calls by using an automatic telephone dialing system ("ATDS") to originate new customers by calling cellular telephone numbers listed on the National Do-Not-Call Registry, like Plaintiff's number, which is prohibited by the TCPA. The calls were made on behalf of Defendant Gerber and at the supervision, direction, and control of Defendant Gerber.

1

3. Plaintiff never consented to receive any of these calls, which were placed to him for telemarketing purposes.

## Parties

4. The Plaintiff is ALAN CONTRERAS ("Plaintiff"), a natural person, resident of the Western District of Texas, and was the individual who received the alleged phone calls in this case on his private mobile telephone, and was present in Texas for all calls, in this case in El Paso County, Texas.

5. Defendant GERBER LIFE INSURANCE COMPANY ("Gerber") is a corporation organized and existing under the laws of New York with its principal address at 1311 Mamaroneck Ave, Suite 350, White Plains, New York, 10605 and can be served via registered agent Chief Financial Officer at 200 E. Gaines Street, Tallahassee, Florida 32399. Defendant Gerber markets and sells, *inter alia*, Life Insurance policies to consumers in Texas and engages in telemarketing into this district, as it did with the Plaintiff.

## Jurisdiction & Venue

6. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 556 U.S. 368, 372 (2012).

7. This Court has personal jurisdiction over the Defendants because they have repeatedly placed calls to Texas residents with Texas telephone area codes, and derive revenue from Texas residents, and they sell goods and services to Texas residents, including the Plaintiff.

8. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)(1)-(2) in that Defendant Gerber conducts business in, and a substantial part of the events giving rise to Plaintiff's claims occurred in El Paso County, Texas, and Plaintiff was physically present and residing in Texas for

all calls, in this case in El Paso County, Texas. Defendant Gerber conducts business in this judicial district by calling Texas consumers.

## Background
### The Telephone Consumer Protection Act

9.      The Telephone Consumer Protection Act 10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing ... can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

### The TCPA Prohibits Automated Telemarketing Calls

10.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service ... or any service for which the called party is charged for the call." See 47 U.S.C. § 227(b)(l)(A)(iii).

11.     The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(l)(A). See 47 U.S.C. § 227(b)(3).

12.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCP A, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

13.     The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations*

*Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

14. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]" In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

The National Do-Not-Call Registry

15. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." Id.

16. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

17. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

18. Under the TCPA, a text message is a call. *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016).

**Factual Allegations**

19. At all times material hereto Plaintiff's personal cellular telephone number (915) 263-2995 was successfully registered on the National Do-Not-Call Registry.

20. Plaintiff's personal cellular telephone number is a "residential" telephone number that he uses for various personal, family, and household purposes, such as sending and receiving emails, timing food when cooking, sending and receiving text messages, calling friends and family while at home, using the phone's alarm function to wake up in the morning, and for navigation purposes.

21. Defendants Gerber provides life insurance policies to consumers.

22. Defendant Gerber uses telemarketing to promote their goods and services and solicit new clients.

23. Defendant Gerber's telemarketing efforts includes the use of an ATDS.

24. Defendant Gerber engages in using an ATDS because it allows for thousands of automated calls to be placed at one time, but its sales representatives, who are paid based on sales they complete, or on an hourly basis, only talk to individuals who pick up the telephone.

25. At all times material hereto, Plaintiff was the subscriber of the telephone number (915) 263-2995 and paid his cell phone bill from his personal bank account.

26. The Plaintiff has received at least three (3) unauthorized phone calls within 30 days to his personal cell phone number (915) 263-2995, without his prior express written consent and not related to an emergency purpose, selling life insurance policies on behalf of Defendant Gerber.

27. Plaintiff received these phone calls from spoofed caller ID's that all started with a 3-4 second delay before connecting to a live person indicating the phone calls were made using an ATDS. The calls were made on behalf of Defendant Gerber.

28. Defendant Gerber has complete control over the telemarketers they hire to solicit their life insurance policies. Defendant Gerber knowing and willfully authorizes them to place illegal robocalls to millions of consumers *en masse* because it benefits Defendant Gerber financially when consumers purchase their life insurance policies.

29. Defendant Gerber has been sued on multiple occasions for violations of the TCPA *Abramson v. Gerber Life Insurance Company*, No. 2:18-cv-00104-CRE (W.D.PA, Jan. 24, 2018), *Hastings v. Gerber Life Insurance et al*, No. 4:20-cv-01345-BSM (E.D.AR, Nov. 13, 2020), and refuse to curtail their behavior because violating the TCPA benefits Defendant Gerber financially when consumers purchase their life insurance policies.

30. On February 23, 2022, Plaintiff received a phone call to his personal cell phone 2995 from a telephone number which displayed on Plaintiff's caller identification as (830) 206-0249.

31. Plaintiff answered and there was a 3-4 second delay followed by a beep before being connected to a live representative with an Indian accent named Brook.

32. Brook advised Plaintiff she was calling to see if Plaintiff was interested in enrolling into a life insurance policy.

33. Plaintiff advised Brook he would call them back if he was interested.

34. On February 25, 2022, Plaintiff received a phone call to his personal cell phone 2995 from a telephone number which displayed on Plaintiff's caller identification as (830) 206-0239.

35. Plaintiff answered and there was a 3-4 second delay followed by a beep before being connected to a live representative with an Indian accent named Cody.

36. Cody advised Plaintiff he was calling to see if Plaintiff was interested in enrolling into a life insurance policy.

37. Plaintiff was annoyed and frustrated for receiving the same phone call after he advised Brook he would call back if he was interested.

38. For the sole purposes of identifying the company responsible for the illegal robocalls Plaintiff advised Cody he was interested in a life insurance policy.

39. Cody then asked Plaintiff qualifying questions and advised Plaintiff he was going to transfer him to his licensed agent.

40. Plaintiff was then transferred a female representative that stated she was with Defendant Gerber and the call dropped.

41. On March 3, 2022, Plaintiff received a phone call to his personal cell phone 2995 from a telephone number which displayed on Plaintiff's caller identification as (830) 206-0078.

42. Plaintiff answered and there was a 3-4 second delay followed by a beep before being connected to the same representative Cody.

43. Cody did not ask for Plaintiff directly and again asked plaintiff if he was interested in a life insurance policy.

44. For the sole purposes of identifying the company responsible for the illegal robocalls Plaintiff advised Cody he was interested in a life insurance policy.

45. Cody again asked Plaintiff qualifying questions and advised Plaintiff he was going to transfer him to a licensed agent.

46. Plaintiff was transferred to a female representative that stated she was with Defendant Gerber and solicited and sold a life insurance policy to Plaintiff on behalf of Defendant Gerber.

47. Plaintiff received a life insurance policy in the mail from Defendant Gerber with a Member ID# 678968275 confirming the company responsible for the illegal robocalls.

48. Plaintiff sent a request for Defendant Gerber's internal do not call policy on Friday May 6, 2022 to info@gerberlife.com. Defendant Gerber's website is https://www.gerberlife.com/

49. Defendant Gerber failed and/or refused to send Plaintiff a copy of any internal do not call policy.

50. Plaintiff believes, and therefore avers, that Defendant Gerber did not train their representatives to honor and abide by DNC requests made by consumers.

51. It is evidently Defendants' business practice to continue placing sales calls to consumers who have already made DNC requests and who have stated they are not interested in Defendants' services. Such conduct violates the TCPA and its implementing regulations, 47 CFR § 64.1200(d)(3)(requiring telemarketers to honor and record DNC requests when made).

52. Table A below displays calls made to Plaintiff by Defendants:

| Number: | Date | Time | Caller ID | Notes |
|---|---|---|---|---|
| 1 | 02/23/2022 | 1:20PM | 830-206-0249 | Call from telemarketer Brook on behalf of Gerber |
| 2 | 02/25/2022 | 10:16AM | 830-206-0239 | Call from telemarketer Cody on behalf of Gerber |
| 3 | 03/03/2022 | 10:06AM | 830-206-0078 | Call from telemarketer Cody on behalf of Gerber. Transferred to Gerber rep purchased policy. |

53. Defendant Gerber did not have the Plaintiff's prior express written consent to make any of these calls.

54. Defendant Gerber approves of the contracts with the telemarketers who make illegal robocalls to thousands of consumers cellular and residential phone numbers using an ATDS.

55. Defendant Gerber provides instruction and guidance on who to solicit and the minimum qualifications of potential customers.

8

56. Prior to these unsolicited calls, the Plaintiff has never done any business with Defendant Gerber and Plaintiff never provided Defendant Gerber with his cellular telephone number.

57. Plaintiff pays for each incoming and outgoing call on his telephone under an unlimited calling arrangement, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii).

58. Plaintiff received the calls on his private mobile telephone, as defined and set forth in 47 CFR § 64.1200(a)(1)(iii). Plaintiff's telephone number is registered as a cellular telephone number and is used for personal purposes.

59. These telephone solicitations constituted "calls" under the TCPA that were not for emergency purposes.

60. Plaintiff was harmed by these calls. Plaintiff was temporarily deprived of legitimate use of his phone because the phone line was tied up during the telemarketing calls and his privacy was improperly invaded. Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of plaintiff. The calls caused Plaintiff's cell phone battery's depletion, used up cellular data, and prevented Plaintiff from otherwise using his telephone for lawful purposes.

## Causes Of Action

### First Cause of Action

**(Negligent Violations of the TCPA, "ATDS" Prohibition, 47 U.S.C. § 227(b) et seq.)**

61. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

62. Defendant Gerber called Plaintiff's cellular telephone using an "automatic telephone dialing system" as defined by the TCPA on at least three (3) occasions in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

9

63. As a result of Defendants' and Defendants' agents' negligent violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

64. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## VICARIOUS LIABILITY OF DEFENDANT LOANDEPOT

65. Defendant Gerber is liable for the phone calls initiated by the anonymous telemarketers under the theories of actual authority, apparent authority, and ratification, and as well as liable because any other result would impair the underlying purpose of the TCPA.

66. Defendant Gerber has hired third-party anonymous telemarketers to solicit life insurance policies on behalf of Defendant Gerber and given the telemarketers the authority to decide which prospective consumers to transfer to Defendant Gerber based on the minimum qualification criteria Defendant Gerber provided to the authorized telemarketers.

67. Defendant Gerber is the liable party as the direct beneficiary of the illegal telemarketing calls as it stood to gain Plaintiff as a client and quoted Plaintiff their Life insurance policies.

68. Defendant Gerber authorized a third-party telemarketer to generate prospective customers. Defendant Gerber hired a third-party to promote its products and services. Defendant's integration of robocalling into its sales process was so seamless that it appeared to an outside party like Plaintiff that the third-party telemarketer was the telemarketing department of Defendant Gerber.

69. Defendant Gerber maintained control over the telemarketers by instructing them on what type of consumers to call and which consumers to refer to Defendant Gerber based on the

Defendant's stated minimum qualifications.

70. Defendant Gerber ratified the behavior of the telemarketers by accepting referrals from the telemarketers.

## Second Cause of Action

### (Knowing and/or Willful Violation of the TCPA "ATDS" Prohibition, 47 U.S.C. § 227(b) et seq.)

71. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

72. Defendants called Plaintiff's cellular telephone using an "automatic telephone dialing system" as defined by the TCPA on at least three (3) occasions in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

73. Plaintiff was statutorily damaged at least three (3) times under 47 U.S.C. § 227(b)(3)(B) by the Defendant by the telephone calls described above.

74. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3

75. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

## Third Cause of Action

### (Negligent Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. § 227(c) et seq.)

76. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

77. Defendants called Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the calls, in violation of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

78. Plaintiff was statutorily damaged at least three (3) times under 47 U.S.C. § 227(c)(3)(F) by the Defendant by the telephone calls described above, in the amount of $500.00 per call.

79. As a result of Defendants' and Defendants' agents' violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2), Plaintiff seeks for himself $500 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(3)(F).

80. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### Fourth Cause of Action

**(Knowing and/or Willful Violation of the TCPA
"Sales Call/DNC" Prohibition, 47 U.S.C. § 227 et seq.)**

81. Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

82. Defendants called Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the calls, in violation of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

83. Plaintiff was statutorily damaged at least three (3) times under 47 U.S.C. § 227(c)(3)(F) by the Defendants by the telephone calls described above, in the amount of $500.00 per call.

84. As a result of Defendants' and Defendants' agents knowing and/or willful violations of 47 U.S.C. § 227(c)(3)(F), and 47 C.F.R. 64.1200(c)(2), Plaintiff seeks for himself treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

## Fifth Cause of Action

### (Violations of The Texas Business and Commerce Code 305.053)

85. Plaintiff incorporates the foregoing allegations as if set forth herein.

86. The foregoing acts and omissions of Defendant and/or their affiliates or agents constitute multiple violations of the **Texas Business and Commerce Code 305.053**, by making non-emergency telemarketing robocalls to Plaintiff's cellular telephone number without his prior express written consent in violation of 47 U.S.C. § 227 et seq. The Defendants violated 47 U.S.C. § 227(d) and 47 U.S.C. § 227(d)(3) and 47 U.S.C. § 227(e) by using an ATDS that does not comply with the technical and procedural standards under this subsection.

87. Plaintiff seeks for himself an award of at least $500.00 in damages for each such violation. **Texas Business and Commerce Code 305.053(b).**

88. Plaintiff seeks for himself an award of up to $1,500.00 in damages for each such knowing or willful violation. **Texas Business and Commerce Code 305.053(c).**

**WHEREFORE, Plaintiff prays for relief against defendants, and each of them, as follows:**

### Prayer for Relief

WHEREFORE, Plaintiff Alan Contreras prays for judgment against the Defendants, jointly and severally, as follows:

- A. Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;
- B. A declaration that actions complained of herein by Defendant violate the TCPA and Texas state law;
- C. An injunction enjoining Defendant and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D. An award of $3,000.00 per call in statutory damages arising from the TCPA intentional violations jointly and severally against the Defendant for three (3) calls.

E. An award of $1,500.00 in statutory damages arising from violations of the Texas Business and Commerce code 305.053

F. An award to Mr. Contreras of damages, as allowed by law under the TCPA;

G. An award to Mr. Contreras of interest and costs, as allowed by law and equity

H. Such further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: May 16, 2022

*(signature)*

Alan Contreras
*Plaintiff, Pro Se*
2205 Yellow Valley Rd
Socorro, TX 79927
Phone: 915-263-2995
Alancontreras575@gmail.com